# Supreme Court of Florida

_____

No. SC15-601
_____

**IN RE: AMENDMENTS TO RULE OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR 1-22.2.**

[October 22, 2015]

PER CURIAM.

This matter is before the Court for consideration of an amendment to the Rule of the Supreme Court Relating to Admissions to the Bar 1-22.2 (Attorney Members; Appointments) proposed by the Florida Board of Bar Examiners (Board). See Fla. Bar Admiss. R. 1-12.[1] We have jurisdiction[2] and amend the rule as proposed.

_____

1. The Florida Bar was granted leave to file a comment, which generally supports the proposed rule amendment and seeks to confirm that the general internal operating policy and procedure used for nominations of attorney appointees to the Board may continue to be used in conjunction with the rule, as amended. The Board filed a response urging that any internal policy used by the joint committee to nominate attorney appointees to the Board should not give the Board of Governors the final word on the nominations.

2. See art. V, § 15, Fla. Const.

Rule 1-22.2 currently requires The Florida Bar Board of Governors to submit recommendations to the Court for appointees to fill attorney vacancies on the Board. The amendment to the rule requires a joint committee composed of three members of the Board and three members of the Board of Governors to recommend attorney appointees to the Court. According to the Board's petition, the amendment will allow the joint committee to take advantage of the experience of current Board members during the interview and selection process. The amendment also makes rule 1-22.2 consistent with rule 1-23.2 (Public Members; Appointments), which provides for public member appointee recommendations from a joint committee composed of three Board members and three Board of Governors members. By amending rule 1-22.2, the Court does not intend to dictate the internal operating policy and procedure used for selecting attorney nominees to recommend for appointment to the Board.

Accordingly, we amend Rule of the Supreme Court Relating to Admissions to the Bar 1-22.2 as set forth in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for

comment prior to their adoption, interested persons shall have sixty days from the

date of this opinion in which to file comments with the Court.[3]

It is so ordered.

LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion, in which
LABARGA, C.J., and PARIENTE, J., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE
EFFECTIVE DATE OF THESE AMENDMENTS.

---

3. All comments must be filed with the Court on or before December 14, 2015, with a certificate of service verifying that a copy has been served on the Executive Director, Michele A. Gavagni, Florida Board of Bar Examiners, 1891 Eider Court, Tallahassee, Florida 32399-1750, gavagnim@flcourts.org, and on the General Counsel, Robert G. Blythe, Florida Board of Bar Examiners, 1891 Eider Court, Tallahassee, Florida 32399-1750, blyther@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Board has until January 4, 2016, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

CANADY, J., concurring in part and dissenting in part.

I concur with establishing the joint committee provided for in the amended rule, but I would expressly provide in the rule that the ultimate authority to nominate the group of three recommended appointees rests with The Florida Bar Board of Governors.

LABARGA, C.J., and PARIENTE, J., concur.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Florida Bar

Daryl M. Manning, Chair, Michele A. Gavagni, Executive Director, and Robert G. Blythe, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida,

for Petitioner

John F. Harkness, Jr., Executive Director, Ramón A. Abadin, President, Gregory William Coleman, Past President, William J. Schifino, Jr., President-elect Designate 2016-17, and Paul F. Hill, General Counsel, The Florida Bar, Tallahassee, Florida,

Responding with Comments

**1-22.2 Appointments.** A joint committee composed of 3 members of the board and 3 members of The Florida Bar Board of Governors must submit to the court not less than 90 days before the expiration of the term of any attorney member of the board, or within 90 days of a vacancy, a group of 3 recommended appointees.